### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELAINA ANTONELLI and** | : | **No. 3:14cv2184** |
| **MATTHEW DANIELS,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **SAPA EXTRUSIONS INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>MEMORANDUM</u>

Before the court for disposition is Defendant Sapa Extrusions Inc.'s (hereinafter "Sapa") motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Prodedure 12(b)(6).  (Doc. 5).  This motion is fully briefed and ripe for disposition.  For the reasons stated below, the court will grant defendant's motion.

**Background**

Plaintiffs, former employees of defendant, allege that their former supervisor sexually harassed Plaintiff Elaina Antonelli and that both plaintiffs were fired after Plaintiff Antonelli reported the harassment to Human Resources.

Plaintiff Matthew Daniels, who started with Sapa in October 2007, and Plaintiff Antonelli, who began her employment with Sapa in April 2012, began a romantic relationship during the course of their employment with defendant.  (Doc. 1-2, Compl. (hereinafter "Compl." ¶¶ 4-5, 7).  Plaintiff Antonelli's immediate supervisor, Scott Price, expressed a romantic interest in her.  (Id. ¶ 8).  Plaintiff Antonelli rejected Price's advances, stating that she did not want to date a supervisor.  (Id. ¶ 9).

Thereafter, Price began making crude and harassing comments about Plaintiff Antonelli to her and to male co-workers, such as, "Check out her ass," and, "Look how good her butt looks."  (Id. ¶¶ 11-12).  Price reassigned Plaintiff Antonelli after she rejected his advances, placing her in a section where other female employees were not assigned and requiring her to move heavy objects to make it appear that she could not do her job.  (Id. ¶¶ 13-14).

Plaintiff Antonelli lodged a complaint with Keith Fessler in the Human Resources Department, reporting Price's sexual harassment and sexual

discrimination.  (Id. ¶ 17).  Plaintiffs allege that Fessler and Price were

close friends, and that Fessler did not investigate Plaintiff Antonelli's

claims.  Two days before defendant terminated Plaintiff Antonelli's

employment, Price remarked that he had heard she was dating Plaintiff

Daniels and that this upset Price.  (Id. ¶ 15).  On October 6, 2012,

defendant terminated Plaintiff Antonelli, telling her that her services were

no longer needed.  (Id. ¶ 16).

Four days later, on October 10, 2012, Plaintiff Daniels was

terminated.  (Id. ¶ 20).  Defendant stated that Plaintiff Daniels had violated

the company's cell phone policy, which Plaintiff Daniels denies.  (Id. ¶ 21).

After an unemployment compensation hearing for Plaintiff Daniels, a

referee found that defendant had not provided Plaintiff Daniels an

appropriate warning prior to termination.  (Id. ¶ 23).

Plaintiffs have filed a complaint with both the Pennsylvania Human

Relations Commission and the Equal Employment Opportunity Commission

(hereinafter "EEOC") and have received notice of their right to file suit, thus

3

exhausting their administrative remedies.  (Id. ¶¶ 34-35).  Plaintiffs filed a

complaint on October 27, 2014, in the Court of Common Pleas of Schuylkill

County, Pennsylvania, raising claims of sexual harassment and intentional

discrimination on the basis of Plaintiff Antonelli's sex under Title VII of the

Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.  (Doc.

1, Notice of Removal ¶ 1).  Defendant timely removed the case to this court

on November 14, 2014, and filed the instant motion to dismiss on

November 21, 2014.  The parties have fully briefed the issues before us

and the motion is ripe for disposition.

**Jurisdiction**

Because this case is brought pursuant to Title VII of the Civil Rights

Act of 1964 (hereinafter "Title VII") (42 U.S.C. § 2000e), the court has

jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.").  The court has supplemental jurisdiction

over plaintiffs' state law Pennsylvania Human Relations Act (43 P.S. § 951,

4

et seq.) (hereinafter "PHRA") claims pursuant to 28 U.S.C. § 1367(a).  ("[I]n

any civil action of which the district courts have original jurisdiction, the

district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the

United States Constitution.").

**Legal Standard**

Defendant filed the instant motion to dismiss plaintiffs' complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the

sufficiency of the complaint's allegations when considering a Rule 12(b)(6)

motion.  All well-pleaded allegations of the complaint must be viewed as

true and in the light most favorable to the non-movant to determine

whether, "'under any reasonable reading of the pleadings, the plaintiff may

be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66

(3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d

503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise

a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendant seeks to dismiss Plaintiff Daniels's claims, arguing that Plaintiff Daniels's allegations fail to state claims upon which relief can be

6

granted under both Title VII and the PHRA.[1]  Specifically, defendant

contends that Plaintiff Daniels asserts that he was discriminated against on

the basis of Plaintiff Antonelli's sex, which is not a valid claim under Title

VII.

Plaintiff Daniels counters that his claim is a valid retaliation claim.

Plaintiff Daniels alleges that defendant fired him in retaliation for Plaintiff

Antonelli's complaint to Human Resources.  Citing to Thompson v. North

American Stainless, LP, 562 U.S. 170 (2011), Plaintiff Daniels argues that

Title VII provides a cause of action for an individual unlawfully discriminated

against in retaliation for another person engaging in protected conduct.

Further, Plaintiff Daniels argues that the relationship between himself and

Plaintiff Antonelli falls within Title VII's protected "zone of interest."

---

[1]  The PHRA is construed consistently with interpretations of Title VII. Gomez v. Allegheny Health Servs., 71 F.3d 1079, 1083 (3d Cir. 1995). Therefore, if plaintiff alleges a valid claim under Title VII, his PHRA claim is valid as well.

In <u>Thompson</u>, the male fiancé of a female employee who had filed a complaint with the EEOC against their mutual employer filed a Title VII retaliation claim on his own behalf.  The Supreme Court reversed the Sixth Circuit and recognized that Title VII does provide such a cause of action. <u>Thompson</u> at 170.  The Court held that the language of Title VII, providing that "a civil action may be brought . . . by the person claiming to be aggrieved," includes anyone who falls within the "zone of interests" that the statute seeks to protect.  <u>Id.</u>  The Court found that if the male fiancé was fired in retaliation for the female employee's protected conduct (the filing of an EEOC complaint), then he would be "well within the zone of interests sought to be protected by Title VII." <u>Id.</u>

Defendant counters that plaintiff did not assert a claim of retaliation in his complaint, and that even if he had, the claims should still be dismissed because Plaintiff Daniels does not fall within the "zone of interest" discussed in <u>Thompson</u>.  Defendant asserts that the plaintiffs' relationship could have existed for at most six months at the time of Plaintiff Daniels's

termination, and is therefore "far from that contemplated by the Supreme Court in Thompson as sufficient to maintain a cause of action for retaliation." (Doc. 10, Def. Reply at 4).

Defendant correctly points out that plaintiffs' complaint fails to state a claim for retaliation. The complaint alleges that both plaintiffs were discriminated against "on the basis of Plaintiff Antonelli's sex." (Compl. ¶ 27). Specifically, Plaintiff Daniels asserts that he was "terminated by defendant solely because he was in a relationship with a female employee, namely Plaintiff Antonelli." (Id. ¶ 30). Nowhere in the complaint does either plaintiff assert that they were fired in retaliation for filing a complaint with Human Resources. To cure this deficiency, Plaintiff Daniels must allege that defendant terminated his employment in retaliation for Plaintiff Antonelli's sexual harassment and gender discrimination complaint because he was involved in a romantic relationship with her. Likewise, Plaintiff Antonelli must also allege that defendant fired her in retaliation for her complaint.

9

Defendant's argument that plaintiffs' relationship does not fall within

Thompson's "zone of interest," however, is misguided.  Neither the length of

their relationship nor the absence of an engagement ring are material.  The

Thompson test looks to whether "he 'falls within the "zone of interests"

sought to be protected by the statutory provision whose violation forms the

legal basis for his complaint,'" or whether "plaintiff's interests are so

marginally related to or inconsistent with the purposes implicit in the statute

that it cannot reasonably be assumed that Congress intended to permit the

suit."  Thompson, 562 U.S. at 170 (internal citations omitted).  The key

elements of the facts as alleged are, exactly as in Thompson, that Plaintiff

Daniels "is not an accidental victim of the retaliation–collateral damage, so

to speak, of the employer's unlawful act.  To the contrary, injuring him was

the employer's intended means of harming" Plaintiff Antonelli.  Id.

The Court in Thompson explained that "Title VII's antiretaliation

provision prohibits any employer action that 'well might have dissuaded a

reasonable worker from making or supporting a charge of discrimination."

Id.  The Court held that it was "obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired."  Id.  The Court then expressly refused to establish a bright line rule regarding what types of relationships would trigger the antiretaliation provision, opting instead for an objective test that recognizes that "the significance of any given act of retaliation will often depend upon the particular circumstances."  Id.

Plaintiff Daniels alleges 1) he was fired, 2) in retaliation for Plaintiff Antonelli complaining of sexual harassment and gender discrimination to Human Resources, 3) because he was involved in a romantic relationship with her.  These facts, if proven, place him well within the Thompson "zone of interests."

Based on the facts alleged in the complaint, a plausible claim for retaliation under Title VII might be made.  Plaintiff will be afforded the opportunity to amend his complaint to more accurately state the claim he has articulated in his brief.

11

**Conclusion**

For the reasons stated above, defendant's motion to dismiss will be

**GRANTED** without prejudice, and plaintiff will have fourteen (14) days to file

an amended complaint.  An appropriate order follows.


Date:<u>1/27/15</u>                                    <u> s/ James M. Munley</u>
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**

12